**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No. 20-CR-225-3 (KBJ/RMM)** |
| | : | |
| **v.** | : | |
| | : | |
| **EMMANUEL SUMO,** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF DETENTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this memorandum in support of its request that the defendant be detained pending trial.

**Introduction**

Defendant Emmanuel Sumo is presently charged by indictment with Conspiracy to Interfere with Interstate Commerce by Robbery violation of 18 U.S.C. Section 1951, three counts of Interference with Commerce by Robbery in violation of 18 U.S.C. Section 1951, and three counts of Brandishing a Firearm During a Crime of Violence in violation of 18 U.S. C. Section 924(c).   The indictment arises from a series of armed robberies of commercial establishments in the Washington, D.C. metropolitan area in January, 2018.   In each of these robberies, two or three suspects entered the establishment (gas stations, liquor or convenience stores, and, in a few cases, restaurants) while armed with one or more semi-automatic handguns.   The suspects wore dark clothing, masks that partially covered their faces, and often wore translucent, vinyl-like gloves. The suspects demanded that the employees give them money from the cash register.   On several

occasions, the suspects forced employees to offices within the establishment seeking to obtain more money that might be held there for safekeeping.  While the suspects did not fire their weapons, in a few of the robberies, they physically assaulted store employees and/or customers. Based on video from each of the robberies set forth as overt acts in the indictment, law enforcement agents believed the robberies were committed by the same persons.

As law enforcement officers were continuing to investigate this series of robberies, on February 8, 2018, defendant Enyinna Onyewu and defendant Sumo were arrested in connection with an armed home invasion in Prince George's County, Maryland.   Defendant Sumo was wearing a distinctive "Joy Division" shirt worn by one of the suspects in two of the robberies charged as overt acts in the indictment.  See Exhibit 1 (Photos of Defendant Sumo's Arrest). Police officers found defendant Onyewu's car near the scene of the home invasion, and they searched the car after receiving a search warrant.   In the car, the officers found several items that had DNA of all three charged defendants in this case, clothing that matched the charged robberies, including a mask that had DNA from defendant Onyewu and defendant Sumo, as well as a box of .45 caliber ammunition.   Notably, in the robbery of the El Don restaurant on January 12, 2018, one of the suspects racked the handgun he was carrying during the robbery, and employees of the restaurant recovered a .45 caliber cartridge from the floor of the restaurant.   Additionally, officers executed a search warrant at defendant Onyewu's residence and recovered vinyl gloves like those worn by the suspects in the robberies and other clothing (including a "G-Star Raw" sweatshirt) that matched clothing worn by the suspects in some of the robberies.   The home invasion charges against defendants Sumo and Onyewu were later dismissed.

As the investigation continued, on or about August 5, 2019, defendant Quaysa Flumo was

arrested in connection with one of the robberies that occurred in Montgomery County, Maryland. On or about August 8, 2019, an agent with the FBI and a detective from the Montgomery County Police Department met with defendant Flumo.   The detective told defendant Flumo that they had recovered a distinctive jacket with multiple zippers on the front from Onyewu's car.   The detective also told him that this jacket was worn by one of the suspect's in one of robberies and that they had recovered "selfies" from Flumo's cellphone showing him in that same jacket. Defendant Flumo generally denied his involvement in the series of robberies.

However, later that same day, defendant Flumo called defendant Sumo.   The call was recorded per the Montgomery County jail policies.   In coded language, defendant Flumo told defendant Sumo that an FBI agent and detective from Montgomery County had come to see him. Defendant Flumo then told defendant Sumo, in coded language, that he need him to get rid of the "orange and black jacket."   Flumo continued and said that was "evidence" and that "if you do that, we good."   The reference to the "orange and black jacket" is significant because in three of the robberies one of the suspects (presumably Flumo) was wearing a distinctive black and orange jacket.   See Exhibits 2 (Still Photos from Lucky 7) and 3 (Still Photos from Lucky's Beer and Wine).   The three defendants continue to associate with one another and indeed were arrested together in October in Missouri and charged with identity theft, forgery, and related charges.

## Applicable Law

At a detention hearing the government may present evidence by way of a proffer.   United States v. Smith, 79 F.3d 1208, 1209-10 (D.C. Cir. 1996).   Each of the four factors under Section 3142(g) that are to guide the Court's detention decision─(1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the defendant; (3) the history and

characteristics of the defendant; and (4) the nature and seriousness of the danger posed to the community by the defendant's release—strongly support the need for and wisdom of detaining the defendant.  <u>See</u> 18 U.S.C. § 3142(g).   Further, the defendant is charged with multiple violations of 18 U.S.C Sections 1951 and 924(c).   There is a presumption that defendants who are charged with any crime of violence (including the charged offenses in this case) will be held pending trial.  <u>See</u> 18 U.S.C. Sections 3142(e) and 3142(f)(1)(A)(B) (presumption arises when defendant is charged with crime of violence or crime punishable by life imprisonment).   As explained below, the defendant should be held pending trial.

<u>**Argument**</u>

**I.      The defendant presents a serious danger to the community.**

   A.      <u>Nature and Circumstances of the Offenses Charged</u>

   The nature and circumstances of the offense charged provides powerful and convincing reasons to detain the defendant until trial.   Simply put, in one month, the defendant and his co-defendants robbed ten stores at gun point.   The employees were no doubt terrified, and, in a few instances, were physically assaulted.   Also, as noted above, because the Hobbs Act charges and the 924(c) charges are crimes of violence, there is a presumption that the defendant be held without bond.   This factor, then, weighs in favor of detention.

   B.      <u>Weight of the Evidence</u>

   The weight of the evidence against the defendant is strong.   As noted above, all three defendants charged in this case are tied by DNA evidence to defendant Onyewu's car.   Officers recovered clothing that matches clothing (including jackets, pants, and a mask) worn by the suspects in the robberies from that car.   They also recovered ammunition that was the same caliber

as that used the robbery of the El Don restaurant.   Further, in searching defendant Onyewu's residence they found additional clothing (boots and a G-Star raw sweatshirt) that matches clothing worn by one of the suspects in at least two of the robberies.   They also recovered vinyl gloves similar to those worn by the suspects in the robberies from defendant Onyewu's residence.

Moreover, defendant Sumo himself was arrested wearing a distinctive "Joy Division" shirt worn by one of the suspects in two of the robberies and sneakers that match those worn by one of the suspects in a few of the robberies.   See Exhibit 1 (Sumo Arrest Photo) and Exhibit 4 (Photo from El Don Restaurant).   Finally, as noted above, defendant Flumo instructed defendant Sumo to get rid of an "orange and black jacket" after being interviewed by law enforcement agents.   The grand jury has returned an indictment against the defendant accordingly, signifying a finding of probable cause

C.     The Defendant's History and Characteristics

Defendant Sumo has a few significant convictions based on the pre-trial services report. He has a prior second degree assault conviction from Montgomery County, Maryland in 2015, a second-degree burglary conviction from here in the District of Columbia in 2016, and a robbery conviction from Montgomery County, Maryland in 2012.   The robbery conviction gives rise to a rebuttable presumption that he be held pending trial.   See 18 U.S.C. Section 3142(e)(2)(A).

Moreover, after he and co-defendant Onyweu were arrested in Prince George's County, Maryland in connection with the home invasion, he was held without bond from February 8, 2018 until the charges in that case were dismissed.   Also, as reflected in the pre-trial services report, in October 2020, the defendant was charged in Missouri with identity theft, possession of forgery equipment, and other offenses.   Co-defendants Onyewu and Quaysa Flumo were arrested with

him in that incident as well and face similar charges.   Accordingly, in part because of the nature of those recent charges, this factor favors detention.

       D.    <u>Danger to the Community</u>

       Finally, there can be no doubt that, for the reasons outlined above, the defendant presents a serious danger to the community.   Again, the defendant is charged with conspiracy to commit robbery of commercial establishments with two other individuals.   Ten robberies (all armed) are set forth as overt acts in the indictment.   The defendant is charged with three substantive Hobbs Act charges as well as three counts of brandishing a firearm during those offenses.   Respectfully, nothing short of pre-trial detention is appropriate for the defendant.

       **WHEREFORE**, we respectfully request that the Court order that the defendant be held pending trial in this matter.

                      Respectfully submitted,

                      MICHAEL R. SHERWIN,
                      ACTING UNITED STATES ATTORNEY
                      N.Y. Bar No. 4444188

                        */s/ Nihar R. Mohanty*
                      NIHAR R. MOHANTY
                      Assistant United States Attorney
                      D. C. Bar No. 436-686
                      555 4th Street, N.W.
                      Room 4120
                      Washington, D.C.   20530
                      (202) 252-7700